UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NIHAT BEK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | Civ. No. 14-02694 (WJM)<br><br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

　　Plaintiff Nihat Bek brings this action pursuant to 42 U.S.C. §§ 405(g). He seeks review of a final determination by the Commissioner of Social Security (the "Commissioner") denying his application for a period of disability and Disability Insurance Benefits ("DIB"). For the below reasons, the Commissioner's decision is **AFFIRMED**.

   **I.   LEGAL STANDARDS**

　　**A.  The Five-Step Sequential Analysis**

　　Under the authority of the Social Security Act, the Social Security Administration has established a five-step evaluation process for determining whether a claimant is entitled to benefits. 20 C.F.R. §§ 404.1520, 416.920. In the first step, the Commissioner determines whether the claimant has engaged in substantial gainful activity since the onset date of the alleged disability. *Id.* §§ 404.1520(b), 416.920(b). If not, the Commissioner moves to step two to determine if the claimant's alleged impairment, or combination of impairments, is "severe." *Id.* §§ 404.1520(c), 416.920(c). If the claimant has a severe impairment, the Commissioner inquires in step three as to whether the impairment meets or equals the criteria of any impairment found in the Listing of Impairments. 20 C.F.R. Part 404, Subpart P, Appendix 1, Part A. If so, the claimant is automatically eligible to receive benefits (and the analysis ends); if not, the Commissioner moves on to step four. *Id.* §§ 404.1520(d), 416.920(d). In the fourth step, the Commissioner decides whether, despite any severe impairment, the claimant retains the Residual Functional Capacity ("RFC") to perform past relevant work. *Id.* §§ 404.1520(e)-(f), 416.920(e)-(f). The claimant bears the burden of proof at each of these

first four steps.  At step five, the burden shifts to the Social Security Administration to demonstrate that the claimant is capable of performing other jobs that exist in significant numbers in the national economy in light of the claimant's age, education, work experience and RFC.  20 C.F.R. §§ 404.1520(g), 416.920(g); *see Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91-92 (3d Cir. 2007) (citations omitted).

### B.  Standard of Review

For the purpose of this appeal, the court conducts a plenary review of the legal issues.  *See Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999).  The factual findings of the ALJ are reviewed "only to determine whether the administrative record contains substantial evidence supporting the findings." *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000).  Substantial evidence is "less than a preponderance of the evidence but more than a mere scintilla." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004) (citation omitted).  "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*  When substantial evidence exists to support the ALJ's factual findings, this Court must abide by the ALJ's determinations.  *See id.* (citing 42 U.S.C. § 405(g)).

## II.  BACKGROUND

On May 30, 2008, Plaintiff filed an application for a period of disability and DIB.  R. at 229-31.  Plaintiff's filings alleged that he had a disability beginning January 7, 2008 due to conditions including carcinoid cancerous tumor, insulin dependent diabetes, back pain due to arthritis, pain in feet, and depression.  R. at 32.  Plaintiff's claim was denied initially on December 5, 2008 and on reconsideration on July 17, 2009.  R. at 139-44, 149-51.

On October 7, 2010, Plaintiff testified at an administrative hearing before Administrative Law Judge Michal L. Lissek ("the ALJ").  R. at 57-88.  On October 29, 2010, the ALJ issued a decision finding that Plaintiff was not disabled during the relevant period.  R. at 119-33.  After the Appeals Council granted Plaintiff's request to review the ALJ's decision, the Appeals Council vacated the decision and remanded the case.  R. at 134-38, 192, 287-92.  The ALJ then held a second hearing on May 22, 2012.  R. at 89-116.  On June 21, 2012, the ALJ issued a decision again finding that Plaintiff was not disabled during the relevant period.  R. at 26-41.  The ALJ also found that Plaintiff had the RFC to perform sedentary work.  R. at 32-34.  Finally, the ALJ determined that there were jobs in significant numbers in the national economy that Plaintiff could have performed.  R. at 34-35.  On September 9, 2013, the Appeals Counsel denied Plaintiff's request for review.  R. at 7-11.  Plaintiff now brings the instant appeal.

## III. DISCUSSION

Plaintiff challenges the ALJ's determination that he was "not disabled" from January 7, 2008 through June 21, 2012. Plaintiff argues that the ALJ did not: (1) properly weigh the medical evidence; (2) properly evaluate Plaintiff's credibility; and (3) adequately consider Plaintiff's obesity. The Court will address each of these challenges in turn.

### A. The ALJ properly weighed the medical evidence.

Plaintiff argues that the ALJ erred by not properly weighing the medical evidence of record. Specifically, Plaintiff argues that the ALJ did not adequately consider the opinions of Plaintiff's treating physician, Dr. Dhirmalani, and an orthopedic consultative examiner, Dr. DeFeo.

As the fact-finder, the ALJ is responsible for considering and weighing the medical opinions of record. 20 C.F.R. § 404.1527. The weight afforded to an opinion from a medical source depends on a variety of factors, including whether the opinion is supported by the relevant evidence and is consistent with the record as a whole. 20 C.F.R. § 404.1527(c). Indeed, even a treating source opinion is not entitled to any significant weight unless it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). Moreover, the final responsibility for determining both a claimant's RFC and whether he is disabled are issues reserved exclusively to the Commissioner, not to any particular medical source. *See* 20 C.F.R. §§ 404.1527(d)(2), (e)(3) (explaining that medical source opinions on such issues are not entitled to any special significance). Additionally, the law is clear that other evidence can outweigh a treating source opinion regarding a claimant's RFC and ability to work. *Brown v. Astrue*, 649 F.3d 193, 196 (3d Cir. 2011).

The ALJ declined to give controlling weight to Dr. Dhirmalani's opinion, stating that it was unsupported by, and inconsistent with, the record evidence. R. at 33-34. Substantial evidence supports this determination. For instance, Dr. Dhirmalani opined that Plaintiff could not sit, stand or walk for more than an hour each day. R. at 724. However, Plaintiff failed to note any problem with sitting in his function report, instead explaining that he is able to "do what doesn't require bending, lifting, or standing for too long." R. at 254, 267, 269. Further, the record indicates that Plaintiff was "fairly active in terms of exercising" and even engaged in martial arts combating without difficulty. R. at 715. Finally, the record evidence provided by Dr. Dhirmalani consists mostly of questionnaires and is unaccompanied by any studies purportedly used or a detailed written report. R. at 555-62, 721-29. Such evidence is of little value to an RFC determination. *See Mason v. Shalala*, 994 F.2d 1058, 1065 (3d Cir. 1993) ("Form reports in which a physician's obligation is only to check a box or fill in a blank are weak

3

evidence at best" and where they are "unaccompanied by thorough written reports, their reliability is suspect . . . .").

Likewise, the ALJ's determination to give no weight to the opinion of Dr. DeFeo was not in error. As the ALJ correctly noted, Dr. DeFeo is a nontreating physician that only examined Plaintiff once. Additionally, the record does not support his opinion. R. at 34. Dr. DeFeo's rated Plaintiff's disability as "total" and opined that Plaintiff had an RFC of less than sedentary work due to pain in his low back, left shoulder, and both knees. However, the MRIs and X-rays of record contradict that finding. *See* R. at 565, 659, 661-63. Further, as stated previously, Plaintiff was "fairly active in terms of exercising" and even engaged in martial arts combating without difficulty during the time period in question. R. at 715. Thus, contrary to Plaintiff's arguments, the opinions of Drs. Dhirmali and DeFeo merit no additional weight.

### B. The ALJ properly evaluated Plaintiff's credibility.

Plaintiff next argues that the ALJ incorrectly assessed his credibility. The Court disagrees.

A plaintiff's subjective complaints alone are insufficient to establish disability, and allegations of pain must be supported by objective medical evidence. 20 C.F.R. § 404.1529. In this regard, the ALJ must first determine whether the plaintiff suffers from a medical impairment that could reasonably be expected to cause the alleged symptoms. Once the ALJ makes this determination, the ALJ must evaluate the intensity and persistence of the pain or symptoms, and the extent to which they affect the individual's ability to work. Specifically, the ALJ is required to consider such factors as (1) plaintiff's daily activities; (2) the duration, location, frequency, and intensity of the pain and other symptoms; (3) any precipitating and aggravating factors; (4) any medication taken to alleviate pain or other symptoms; (5) treatments other than medication; (6) any other measures used to relieve the symptoms; and (7) other factors concerning functional limitations or limitations due to pain or other symptoms. *Id.* at § 404.1529(c)(3)(i)-(vii). This analysis requires the ALJ to assess the plaintiff's credibility to determine whether plaintiff is accurately stating the degree of pain and the extent to which the plaintiff is disabled by it. *Id.*; *Gantt v. Comm'r Social Sec.*, 205 F. App'x 65, 67 (3d Cir. 2006).

Courts generally afford the ALJ's credibility assessment great deference, because the ALJ is in the best position to evaluate the demeanor and attitude of the plaintiff. *See, e.g., Fargnoli v. Massanari*, 247 F.3d 34, 43 (3d Cir. 2001). However, the ALJ must explain the reasoning behind his credibility determination. *Schonewolf v. Callahan*, 972 F. Supp. 277, 286 (D.N.J. 1997) (citations omitted).

Here, the ALJ determined that Plaintiff's claimed symptomology was not credible to the extent that it was inconsistent with the RFC assessment. In doing so, the ALJ "set forth a reasoned basis, grounded in the record, for concluding that [Plaintiff's] complaints

4

were not credible." *Wimberly v. Barnhart*, 128 F. App'x 861, 863 (3d Cir. 2005). Specifically, the ALJ considered the fact that Plaintiff had not been prescribed any narcotic pain medications for his pain and had not received any other treatment for his pain other than unsuccessful visits to a chiropractor. R. at 33. The ALJ also considered the lack of objective medical evidence supporting Plaintiff's complaints. R. at 33-34. The Court thus concludes that the ALJ properly evaluated Plaintiff's credibility and that substantial evidence supports the ALJ's credibility determination.

### C. Remand for consideration of Plaintiff's obesity is unnecessary.

Finally, Plaintiff argues that the ALJ erred by failing to adequately consider the effect of Plaintiff's obesity in combination with Plaintiff's other impairments. Pl.'s Br. 24-25, ECF No. 9. Although Plaintiff did not raise obesity as an impairment or limitation before the ALJ, he points to medical records indicating that he has a recorded body mass index of approximately 40. R. at 713. Plaintiff also correctly notes Social Security Ruling 02-01p requires a consideration of obesity at various points in the five-step analysis. Plaintiff thus contends that the ALJ was obligated to consider his obesity explicitly and that the ALJ's failure to do so requires a remand. Guided by the Third Circuit's analysis in *Rutherford v. Barnhart*, 399 F.3d 546, 553 (3d Cir. 2005), this Court disagrees.

Here, remand is not required because it would not affect the outcome of the case. Plaintiff never mentioned obesity as a condition that affected his ability to work, even when the ALJ specifically asked him to describe his impairments. *See, e.g.,* R. at 96, 239, 257, 259, 263, 272, 274; *see Rutherford*, 399 F.3d at 553 (denying remand where the plaintiff "never mentioned obesity as a condition that contributed to her inability to work, even when asked directly by the ALJ to describe her impairments."). Further, even if the Court assumes that the references to Plaintiff's weight in the medial records were sufficient to alert the ALJ to the impairment, Plaintiff has not specified now that factor would affect the five-step analysis undertaken by the ALJ. Rather, Plaintiff relies on the generalized statement that "obesity can complicate degenerative musculoskeletal conditions and diabetes, as is the case here." Pl.'s Br. 25. That generalized statement is not enough to require a remand, particularly where, as here, none of the medical evidence mentions obesity as contributing to any limitation. *See Rutherford*, 399 F. 3d at 553. To the contrary, the specific medical record that Plaintiff cites as proof of his obesity, which is dated May 31, 2011, indicates that Plaintiff "is fairly active in terms of exercising" and participated in "[m]artial [a]rts combatting up until two months ago when he states that he stopped doing it because of financial issues." R. at 713. Thus, the ALJ's failure to explicitly consider the impact of Plaintiff's obesity on his ability to work is not grounds for remand.

### IV.   CONCLUSION

For the above reasons, the Commissioner's decision is **AFFIRMED**. An appropriate order follows.

/s/ William J. Martini<br>**WILLIAM J. MARTINI, U.S.D.J.**

**Date: May 31, 2015**